## UNITED STATES v. S. ROSENGARTEN & CO., Inc.

United States District Court
S. D. New York.
July 9, 1952.

Myles J. Lane, U. S. Atty., George H. Combs, Jr., Sp. Asst. U. S. Atty. New York City, for plaintiff.

Irving Koufax, New York City, for defendant.

WEINFELD, District Judge.

This is a motion for a preliminary injunction to enjoin the defendant from violating certain provisions of the Office of Price Stabilization, Ceiling Price Regulation 25, as amended, dealing with ceiling prices of beef sold at retail and the method and manner of control of the sale and distribution of beef. Authority for the issuance of the injunction is contained in the Defense Production Act of 1950. 50 U.S.C.A.Appendix, § 2109(a).

Defendant owns and operates fourteen retail meat stores in New York City and employs approximately one hundred and ten employees. Upon a spot check of five of defendant's stores at various dates in August and November 1951 and March 1952, violations were reported by O.P.S. inspectors at the stores so visited, which fall into three different categories:

(1) Failure to post two or more conspicuously placed notices informing customers of their right to observe the grinding of meat as required by Section 5(c) (2) (ii) (b).

(2) Failure to display different grades of beef in separate trays with appropriate signs as to grade and ceiling price as required by Section 6(a), (c) and (d).

(3) Failure to wrap and label telephone orders as required by Section 5(c) (3).

■ As to some of the violations charged, defendant concedes they may have occurred but urges they were inadvertent rather than deliberate, and that despite its best efforts to secure compliance on the part of its employees with all the regulations "It is nevertheless possible that an occasional violation, at times only of a technical nature, may exist without the knowledge of the company officers until it is discovered, and when discovered, such violations are promptly corrected." It must be presumed that all the regulations are intended to achieve the dominant purpose of the Act and that each plays its part toward the ultimate objectives. So long as the Regulation is in effect defendant is bound to comply with its requirements, and to permit a distinction as suggested by defendant between trivial and substantial violations would make a shambles of the Act.

It is significant that with respect to each store visited at random some violation was found to exist. Further, it appears that defendant, following visits by O.P.S. inspectors at its stores during the week of June 4, 1951, had notified all store managers in the event of further inspection to prepare a written memorandum and submit a full report as to what transpired. The Court inquired specially for such reports as may have been prepared by managers of the five stores visited at random in August and November 1951 and March 26, 1952 and has been advised that written reports were not submitted notwithstanding the direction from the main office.

■ The conclusion is compelled that the efforts of the officers of defendant to secure co-operation of their employees in observing the rules and regulations promulgated under the Act have not been altogether successful. Defendant is under a duty to secure compliance by its employees. The fact that, as defendant terms them, "occasional" lapses occurred without the knowledge or consent of defendant's officers does not excuse the violations or gain for it immunity from injunctive relief.

The statements of defendants officers that the stores are now in full compliance with all the requirements of the Office of Price Stabilization and that they intend to continue to exert every effort to maintain such compliance, must be weighed against defendant's failure to prevent prior violations.

■ Upon the facts plaintiff has sustained the violations alleged under the three categories set forth above at the times and places alleged in the moving affidavit. However, the preliminary relief shall be limited to enjoining future violations of the type asserted. The relief requested is much broader than warranted by the facts.

In addition to the above violations, there is also a charge of two sales in' excess of ceiling prices, which is vigorously disputed by the defendant's store manager. And here the issue centers about the type of beef sold, for if in fact it was of the description as contended for by the manager, then it was within permissible ceiling prices. Plaintiff, on this alleged violation, has failed to make out a sufficiently clear case to warrant the remedy of injunctive relief.

The motion is granted only to the extent indicated herein.

Settle order on notice.